IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER SHEPLER,

          Petitioner,                         ORDER

     v.                                          17-cv-0038-wmc

JUDY P. SMITH[1], Warden,
Oshkosh Correctional Institution,

          Respondent.

---

Christopher Shepler, an inmate at the Oshkosh Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5 filing fee. The subject of the petition is petitioner's 2012 conviction in the Circuit Court for Marathon County for first-degree sexual assault and child enticement.[2]

The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 provides that when conducting this review,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] Petitioner improperly named "State of Wisconsin" as the respondent. I have amended the caption to reflect that the proper respondent is Judy Smith, the warden at the institution where petitioner is in custody. *See* Rule 2(a) of the Rules Governing Section 2254 Cases.

[2] Petitioner was also convicted of possession of a dangerous weapon and obstructing an officer, but he does not challenge those charges in his petition.

During initial review of habeas petitions, the court looks to see whether the petitioner has set forth cognizable constitutional or federal law claims, exhausted available state remedies, and whether the petition is timely.

Shepler's petition is very bare-bones, but he has attached exhibits that help provide a better picture of his case. In reviewing the petition, I have has also reviewed the Wisconsin Court of Appeals' decision affirming petitioner's conviction. As discussed in more detail below, those materials plainly show that the petition is subject to dismissal on procedural default grounds.

FACTUAL BACKGROUND

The following facts are drawn from the state court of appeals' decision on petitioner's direct appeal. *State v. Shepler*, 366 Wis. 2d 809, 874 N.W. 2d 347 (Table), 2016 WI App 16, 2015 WL 9464667 (unpublished disposition). In August 2012, Shepler was charged with two counts of first-degree sexual assault of a child under twelve, one count of second-degree sexual assault and two counts of child enticement, when Shepler was just under age eighteen. Before trial, the state moved to introduce other-acts evidence concerning an allegation of sexual assault of a four-year-old boy by Shepler in October 2005, when he was 11. After conducting two hearings, the trial court ruled that the other-acts evidence was admissible under the test articulated by the Wisconsin Supreme Court in *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W. 2d 30 (1998). The state then presented a plea offer, which Shepler accepted based on the advice of his lawyer.

Under the agreement, he pled guilty to one count of first-degree sexual assault and one count of child enticement, and the other counts were dismissed and read in. The court sentenced him to 15 years in prison.

Shepler filed a postconviction motion seeking to withdraw his plea on the ground that his trial lawyer was ineffective for making an inadequate *Sullivan* argument. After considering the additional challenge to the other-acts evidence raised in Shepler's postconviction motion, the trial court ruled that it would have reached the same decision and allowed the other-acts evidence even had it considered his new arguments. Accordingly, it denied the motion.

On appeal, Shepler sought reversal solely on the ground that the trial court had erred in determining that the state's other-acts evidence would be admissible at trial. After noting that Shepler had waived his right to challenge the trial court's evidentiary ruling when he entered his guilty plea, the court of appeals nonetheless exercised its discretion and reached the merits because the state had responded to petitioner's argument. Shepler, n. 3. With respect to the ineffective assistance claim that petitioner *had* pursued in his postconviction motion, the court found that petitioner had forfeited it by failing to raise it on appeal.

The court of appeals affirmed the conviction, ruling that the circuit court had not abused its discretion in deciding that the other-acts evidence was admissible. Petitioner did not file a petition for review with the Wisconsin Supreme Court.

DISCUSSION

According to 28 U.S.C. § 2254(b)(1)(A), a habeas petition shall not be granted unless the petitioner "has exhausted the remedies available in the courts of the State." The principles of comity underlying the exhaustion doctrine require the petitioner to give the state courts a "full and fair opportunity to resolve constitutional claims" before raising those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To comply with this requirement, the petitioner must assert his claims through one complete round of state court review. *Id.*; *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). For a Wisconsin prisoner, this means that he must include his claims in a petition for discretionary review with the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Failure to do so constitutes a procedural default. *Boerckel*, 526 U.S. at 848.

Petitioner acknowledges that he did not file a petition for review with the Wisconsin Supreme Court. Therefore, this court is procedurally barred from considering the merits of his petition unless petitioner can show either (1) cause for the default and actual prejudice or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To show "cause," petitioner must show that "some objective factor external to the defense impeded counsel's [or petitioner's] efforts to comply the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To invoke the miscarriage of justice exception, petitioner must show that the constitutional violation has

probably resulted in a conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner asserts that he did not petition the Wisconsin Supreme Court for review because his lawyer "did not take it to supreme court." (Dkt. #1, ¶12(b).) Even if the court infers from this vague statement that petitioner means to say that his appellate lawyer was ineffective, such ineffectiveness would not establish "cause" for his default. That is because to constitute "cause" to excuse a procedural default, there must be a constitutional right to assistance of counsel in the state proceeding. *Coleman*, 501 U.S. at 752. There is no constitutional right to counsel in second-tier discretionary review to the state's highest court. *Ross v. Moffitt*, 417 U.S. 600, 610 (1971). Accordingly, any alleged ineffectiveness of petitioner's counsel in connection with the petition for discretionary review does not establish "cause" (as the law defines that term) for his default.

Unable to meet the cause and prejudice exception, petitioner's only option for avoiding his default is the actual innocence exception. To show "actual innocence," petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. Petitioner must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), quoting *Schlup*, 513 U.S. at 327; *see also Gladney v. Pollard*, 799 F.3d 889, 896 (7th

Cir. 2015). To be "new," the evidence need not be "newly discovered" but must be evidence that was not presented at trial. *Gladney*, 799 F.3d at 898.

Petitioner does not say he has any new evidence or argue that he is actually innocent. Nevertheless, because procedural default is an affirmative defense that petitioner was not required to address in his petition, I will give him an opportunity to respond to this order with facts showing that he can satisfy the miscarriage of justice exception to the procedural default rule. If he fails to do so, then the presiding judge likely will dismiss the petition.

ORDER

IT IS ORDERED that petitioner has until May 25, 2018, in which to file a supplement to his petition presenting facts showing that he can satisfy the miscarriage of justice exception to the procedural default rule, as discussed in this opinion.

Entered this 26th day of April, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge